**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 57**

Docket No. SF-0752-13-3536-I-1[1]

**Casey D. Weathers,**

**Appellant,**

**v.**

**Department of the Navy,**

**Agency.**

July 24, 2014

Casey D. Weathers, San Diego, California, pro se.

Sandra J. Morris and Shari L. Oehrle, Pensacola, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1    The appellant has filed a petition for review of an initial decision that affirmed the agency's furlough action. For the following reasons, we DENY the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still AFFIRMING the furlough action. The initial decision is MODIFIED by finding that the agency not only established a

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this case was part of a consolidation, *Consolidated Furlough Appeals of the Naval Education and Training Command*, MSPB Docket No. SF-0752-13-4851-I-1, Consolidated Appeal File (CAF).

legitimate management reason for the difference in treatment between the appellant and other employees he identified, but also established that the appellant was not similarly situated to those employees.

BACKGROUND

¶2 The agency issued a decision notice furloughing the appellant for no more than 11 days from his GS-0806-11 Materials Engineer position with the agency's Acquisition Intern Program in Mechanicsburg, Pennsylvania, with his duty station in San Diego, California. Initial Appeal File, Tab 1 at 1, 13-15, 17-20.[2] On appeal to the Board, the appellant asserted, among other things, that the agency "unfairly exempted other civil service employees and allowed them to remain working for the balance of FY [Fiscal Year] 13 without the loss of pay (e.g. workers of equal grade and classification in Navy Shipyards)." *Id*. at 12.

¶3 After a hearing, the administrative judge affirmed the furlough action. CAF, Initial Decision (ID), Tab 25 at 1-2, 17. The administrative judge found that, although the appellant did not specifically identify any exempt employees, to the extent he was referring to employees of the Puget Sound Naval Shipyard and Intermediate Maintenance Facility (IMF) in Bremerton, Washington, those facilities were specifically exempted from the furlough for legitimate reasons. ID at 7. The administrative judge found that the record established that employees working directly for that shipyard were exempt from the furlough because management determined that there was a particular difficulty in making up delays in maintenance work related to vessels critical to mission success. ID at 7. The administrative judge held that this was a legitimate management reason to exempt the employees who worked at those facilities and that the agency properly

---

[2] The agency later reduced the duration of the furlough from 11 days to 6 days for most employees. CAF, Tab 15 at 12, 20 (declarations of Robert F. Hale and Robert T. Cali).

furloughed the appellant because he did not work directly for an excepted naval shipyard and his position did not fall within the exemption.  ID at 7.

¶4    The appellant asserts on review that his home port is in San Diego and that he works for the Naval Sea Systems Command's Southwest Regional Maintenance Center (SWRMC), which is the largest and most diverse intermediate maintenance activity.  Petition for Review (PFR) File, Tab 1 at 3-4. He contends that the furlough action was not conducted in a fair and even manner because more vessels have their home port in San Diego than most of the other furlough-exempt locations and that the SWRMC experienced maintenance delays due to the furlough and difficulties in making up for those delays.  *Id*.  He asserts that there is no evidence showing that the vessels in need of maintenance at the SWRMC were not critical to mission success.  *Id*. at 4.  The appellant has not challenged any other finding in the initial decision.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

ANALYSIS

¶5    Although the agency is always responsible for proving that an adverse action promotes the efficiency of the service, the analysis of this issue must depend on the problem that the adverse action was meant to address.  *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013).  Furloughs are unique among adverse actions because by definition they are taken for nondisciplinary reasons and are generally used to address work or funding shortages or other matters that are not personal to the affected employee.  *Id*.

¶6    The Board has found that an agency satisfies this standard in a furlough appeal by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner.  *Id*. A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently, just as it is required to apply a reduction in

force (RIF). *Id*. This does not mean that the agency is required to apply the furlough in such a way as to satisfy the Board's sense of equity. *Id*. Rather, it means that the agency is required to treat similar employees similarly and to justify any deviations with legitimate management reasons. *Id*.; *see* 5 C.F.R. § 752.404(b)(2) ("When some but not all employees in a given competitive level are being furloughed, the notice of proposed action must state the basis for selecting a particular employee for furlough, as well as the reasons for the furlough."). Which employees are similarly situated for purposes of an adverse action furlough will be decided on a case-by-case basis, but the Board will be guided by RIF principles in making that determination. *Chandler*, 120 M.S.P.R. 163, ¶ 8; *see* 5 C.F.R. § 752.404(b)(2) (applying RIF competitive level principles to adverse action furloughs).

¶7        We agree with the administrative judge that the agency established a legitimate management reason for treating certain shipyard employees differently from others. The furlough exception for employees in Navy shipyards covered only the following facilities: Pearl Harbor Naval Shipyard and IMF; Portsmouth Naval Shipyard; Norfolk Naval Shipyard; Puget Sound Naval Shipyard and IMF; and the Naval Submarine Base Kings Bay. CAF, Tab 15 at 17 (declaration of Robert T. Cali). These shipyards were included "due to the particular difficulty in making up delays in maintenance work on nuclear vessels critical to mission success." *Id*. In implementing this exception, agency leadership determined that it would apply only to those individuals who worked directly for the above facilities, that not all positions geographically located at a shipyard were necessarily covered by the exception, and that this determination was made based on Unit Identification Codes unique to each of the facilities. *Id*. The appellant has not identified any specific evidence in the record supporting his claim that the administrative judge made an error in finding that the agency established a legitimate management reason for the difference in treatment. *See* 5 C.F.R. § 1201.115(a)(2) (a petitioner who alleges that the judge made erroneous findings

of material fact must explain why the factual determination is incorrect and identify specific evidence in the record that demonstrates the error). In any event, in determining whether the agency structured a furlough in a fair and even manner, the Board will not scrutinize an agency's decision in such a way that second-guesses the agency's assessment of its mission requirements and priorities. *Department of Labor v. Avery*, 120 M.S.P.R. 150, ¶ 10 (2013).

¶8        We modify the initial decision to find that the appellant and any employees in Bremerton were not similarly situated for purposes of an adverse action furlough. As set forth above, the Board will be guided by RIF principles in making that determination, including RIF competitive level principles. In determining the retention standing of competing employees during a RIF, each agency shall establish competitive levels consisting of all positions in a competitive area which are in the same grade (or occupational level) and classification series, and which are similar enough in duties, qualification requirements, pay schedules, and working conditions so that an agency may reassign the incumbent of one position to any of the other positions in the level without undue interruption. 5 C.F.R. §§ 351.401, 351.403(a)(1). Generally, a competitive area "must be defined solely in terms of the agency's organizational unit(s) and geographical location." 5 C.F.R. § 351.402(b). The minimum competitive area is a subdivision of the agency under separate administration within the local commuting area. *Id*. A local commuting area means the geographic area that usually constitutes one area for employment purposes, and includes any population center (or two or more neighboring ones) and the surrounding localities in which people live and can reasonably be expected to travel back and forth daily to their usual employment. 5 C.F.R. § 351.203.

¶9        Because the Acquisition Intern Program in Mechanicsburg, Pennsylvania, the SWRMC in San Diego, California, and the Puget Sound Naval Shipyard and IMF in Bremerton, Washington, can all be considered different local commuting areas, and, because the Acquisition Intern Program can be considered a different

organizational unit than the SWRMC and the Puget Sound Naval Shipyard and IMF, the agency was permitted to treat these organizations as separate competitive areas and treat employees from these competitive areas differently because they are not similarly situated for furlough purposes. *See Clark v. Office of Personnel Management*, 24 M.S.P.R. 224, 225-26 (1984) (an employee is only entitled for furlough purposes to the rights of the position to which he has been appointed, not the rights of a position to which he has been detailed).

¶10    Accordingly, the agency's furlough action is AFFIRMED.

## ORDER

¶11    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.